United States District Court
Southern District of Texas
**ENTERED**
February 23, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YOUNAS CHAUDHARY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-2179 |
| | § | |
| CHUBB & SON, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This Hurricane Harvey insurance case is on limited remand from the Fifth Circuit. Hurricane Harvey damaged Younas and Buchra Chaudhary's $20 million home. Their federal flood-insurance policy had a $350,000 limit. They blamed Chubb & Son, Inc., their insurer; Arthur J. Gallagher & Co. (AJG), their insurance broker; and AJG's employee, Chris Bettina, for the inadequate policy amount. The Chaudharys alleged that the defendants had assured them that they had private excess flood insurance to cover flood damage beyond their federal insurance policy limits. The Chaudharys also alleged that the defendants either did not sell them an excess flood-insurance policy or allowed it to lapse without telling them.

The Chaudharys initially sued Chubb, AJG, and Bettina in a Harris County, Texas, state court, asserting claims under the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.01, *et seq.*, and the Texas Insurance Code, TEX. INS. CODE § 541.00, *et seq.*, as well as for common-law misrepresentation, fraud, and negligence. They also asserted a separate claim for breach of fiduciary duty against Bettina. They alleged that AJG and Bettina assured them that a private excess flood-insurance policy covered the full value of their home and its contents.

The defendants timely removed, and AJG simultaneously filed an election of responsibility for Bettina's actions under Texas Insurance Code § 542A.006.  (Docket Entry Nos. 1, 1-9).  AJG stated that it would "accept legal responsibility of Bettina for whatever liability Bettina might have to Plaintiffs for Bettina's acts or omissions related to Plaintiff's claims."  (Docket Entry No. 1-9 at 3).

The Chaudharys moved for remand, which the court denied because the Chaudharys' claims related to handling of a federal flood-insurance policy and were preempted by federal law.[1] (Docket Entry Nos. 8, 20).  The Chaudharys filed a first amended complaint, and the defendants again moved to dismiss.  (Docket Entry Nos. 29, 31, 32).  The court granted the motion, dismissing the claims against Chubb based on the statute of limitations and the claims against AJG and Bettina based on federal preemption.  (Docket Entry No. 42).

On appeal, the Fifth Circuit affirmed the dismissal of the claims against Chubb, as well as the claims-handling claims against AJG and Bettina.  *Chaudhary v. Arthur J. Gallagher & Co.*, 832 F. App'x 829, 835 (5th Cir. 2020).  The Fifth Circuit remanded to this court to determine if a portion of the Chaudharys' claims were related to "private excess flood insurance," which is not preempted by federal law.  *Id.* at 835−36.

The Chaudharys now move to remand and file an amended complaint.  (Docket Entry Nos. 55, 56).  AJG and Bettina move for judgment on the pleadings, asking the court to hold that its prior decision requires dismissal of the remaining claims.  (Docket Entry No. 57).

---

[1] Federal law preempts certain state-law claims under a Standard Flood Insurance Policy as a matter of law because these policies are paid out of the federal treasury.  Federal law does not preempt claims under excess flood-insurance policies.

I.        **The Legal Standards**

A party may remove an action if the federal court has subject-matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  The removing party has the burden of showing that jurisdiction exists and removal is proper.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  The court considers the state-court petition as it existed at the time of removal.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

A district court may exercise supplemental jurisdiction over state-law claims only if they "form part of the same case or controversy" as the federal claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  A claim is part of the same case or controversy if it involves "a common nucleus of operative fact." *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 944 (5th Cir. 2013) (citation and quotation marks omitted).

Supplemental jurisdiction "is a doctrine of flexibility" that allows "courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  District courts have discretion to retain jurisdiction over state-law claims after federal claims are eliminated. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011). The Fifth Circuit's general rule for district courts is to dismiss state claims once federal claims are dismissed, *id.*, but this rule is "neither mandatory nor absolute."  *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted).  A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of [s]tate law;

3

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Courts also consider "judicial economy, convenience, fairness, and comity."

*Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

## II.   Analysis

The parties agree that the court has discretion to exercise supplemental jurisdiction because it had federal-question jurisdiction when the case was first removed.  (Docket Entry No. 55 at 3; Docket Entry No. 59 at 24); *see Lucky Tunes #3, LLC v. Smith*, 812 F. App'x 176, 183 (5th Cir. 2020); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) ("[S]ubsequent events cannot serve to deprive the court of jurisdiction once it has attached.").  The parties disagree over whether the court should exercise jurisdiction.

The court will exercise supplemental jurisdiction over the claims in the Chaudharys' second amended complaint.  First, it is unclear that the Chaudharys' claims avoid federal preemption.  When the court assumed jurisdiction, the Chaudharys argued that remand was appropriate because they pleaded only state-law claims related to the absence of an excess flood-insurance policy.  (Docket Entry No. 8).  The court disagreed, holding that their claims implicated federal flood-insurance policy handling, which is preempted by federal law.  (Docket Entry No. 20).  The Chaudharys' second amended complaint, based on the same alleged facts and circumstances, presents similar preemption concerns.

Second, the defendants have a strong argument that Bettina, the only nondiverse defendant, was improperly joined and should be dismissed, leaving the court with a clear basis for diversity

4

jurisdiction.  Under § 542A.006 of the Texas Insurance Code, an insurer may elect to "accept whatever liability [the insurer's] agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."  TEX. INS. CODE § 542A.006(b).  If the insurer elects responsibility, "the court shall dismiss the action against the agent with prejudice."  TEX. INS. CODE § 542A.006(c).  Dismissal is required whether the election comes before or after the lawsuit is filed.  *Id.*; *Koenig v. Unitrin Safeguard Ins. Co.*, No. 20-CV-00887, 2021 WL 51762, at *2 (W.D. Tex. Jan. 6, 2021) ("The only difference between a pre-suit and post-suit election is that when the election is made prior to suit, 'no cause of action exists' against the agent.  Once the election is made, an insurer may not revoke the election and a court may not nullify it.").  Though courts disagree about whether the voluntary-involuntary rule applies to a postsuit election, courts agree that plaintiffs cannot assert claims against an insurance agent after the insurer files the election to accept responsibility for the agent's acts or omissions.  *See Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 670–71 (S.D. Tex. 2020) ("[T]here is no possibility a plaintiff will recover against the non-diverse [insurance agent] in state court following an insurer's post-suit election.").

After the Chaudharys filed this lawsuit in state court, AJG sent them an unconditional election of responsibility, accepting all liability that Bettina might have to the Chaudharys.  (Docket Entry No. 1-9).  This defense will likely require the court to dismiss Bettina from the case, creating complete diversity.  *See Koenig*, 2021 WL 51762, at *3 ("Under § 542A.006 of the Texas Insurance Code, [the defendant's] election is irrevocable and requires the dismissal of the action against [the agents].").  Remanding to state court would likely result in the state court dismissing the claims against Bettina, making the case removable and sending the parties back to federal court.  *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 297 (5th Cir. 2019) ("When a state court

order creates diversity jurisdiction and that order cannot be reversed on appeal, . . . the voluntary-involuntary rule [does] not bar [the defendant] from removing the case to federal court"); *see also* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . [of an] order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal.").   Exercising supplemental jurisdiction avoids this inefficiency.

The statutory factors do not require a different conclusion.  The Chaudharys' claims are neither novel nor unusually complicated.  *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) ("The absence of any difficult state-law questions thus weighs heavily toward our conclusion that the district court abused its discretion in refusing to retain jurisdiction over the remaining claims.").  The state-law issues do not predominate over federal ones since preemption is a federal question.  *See Casey v. FDIC*, 583 F.3d 586, 592 (8th Cir. 2009) ("And since '[p]reemption . . . is always a federal question,' [state] law is not even at issue, let alone predominant.").  There are no exceptional circumstances requiring remand.

Common-law considerations do not counsel against exercising supplemental jurisdiction.  Comity concerns are not implicated because this case would become removable if remanded.  *Smith v. MBL Life Assurance Corp.*, 727 F. Supp. 601, 603 (N.D. Ala. 1989) ("[C]omity requires federal courts to allow state courts to proceed with their cases unless those cases are clearly and unequivocally removable.").  Judicial economy favors retaining jurisdiction to avoid this ping-pong effect of remand and removal.  The court is familiar with the Chaudharys' claims.  *See Enochs*, 641 F.3d at 159 (familiarity with the claims is a factor in deciding to exercise supplemental jurisdiction).  The Chaudharys also agree that this case does not implicate fairness or convenience

6

concerns because the state and federal Houston courthouses sit close to each other.  (Docket Entry No. 55 at 9).

The Chaudharys have also moved to file a second amended complaint.  (Docket Entry No. 56).  The Fifth Circuit suggested that the Chaudharys should have an opportunity to replead, *see Chaudhary*, 832 F. App'x at 835–36, and this court agrees.  The second amended complaint moots the defendants' motion urging the court to reinstate its former ruling.  (Docket Entry No. 57).  The defendants' arguments may be presented in a motion to dismiss the second amended complaint, if appropriate.

## IV.   Conclusion

The Chaudharys' motion for remand, (Docket Entry No. 55), is denied.  The Chaudharys' motion for leave to file a second amended complaint, (Docket Entry No. 56), is granted.  The defendants' motion urging the court to reinstate its former ruling, (Docket Entry No. 57), is denied as moot.  The defendants' Rule 12(b) motion or responsive pleading is due no later than 14 days after this ruling.  FED. R. CIV. P. 15.

SIGNED on February 23, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge